Gregg S. Kleiner, State Bar No. 141311
Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
E-mail:    gkleiner@rinconlawllp.com
           cmaher@rinconlawllp.com

Counsel for PAUL MANSDORF,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE SAN FRANCISCO ART INSTITUTE,<br>    a California nonprofit<br>    public benefit corporation,<br><br>    Debtor. | Case No. 23-30250 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>***EX PARTE* APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL**<br>**(Adler & Colvin)**<br><br>[No Hearing Requested] |

Paul Mansdorf, Chapter 7 Trustee ("Trustee" or "Applicant") of the estate of The San Francisco Art Institute, a California nonprofit public benefit corporation ("Debtor"), files this application for an order authorizing him to employ the law firm of Adler & Colvin as special counsel in connection with matters arising from and related to non-profit issues, including, but without limitation to the Debtor's rights and interests in donated funds, restricted fund and endowment matters for a tax-exempt organization, and related non-profit legal matters ("Nonprofit Legal Issues").

1. Prior to the filing of the Debtor's Chapter 7 bankruptcy case, it had operated for over 150 years as a higher education institution for the arts in the Bay Area. The Trustee is informed that the Debtor ceased its academic operations in July 2022.

2. The Trustee has reviewed the Debtor's bankruptcy Schedules and Statement of Financial Affairs. According to those documents, there are significant funds in bank and investment accounts that may be subject to restrictions for their use by the Debtor and now, by the Trustee.

3. The Trustee is informed that, prior to the petition date, the Debtor obtained legal advice and counsel related to Nonprofit Legal Issues from the law firm of Adler & Colvin ("Law Firm"). The Debtor's primary contact at the Law Firm was Matthew A. Clausen. Mr. Clausen is a "Principal" of the Law Firm. By virtue of his pre-petition work with the Debtor, Mr. Clausen is familiar with the Debtor's operations and Nonprofit Legal Issues for which the Trustee requires legal counsel.

4. The Trustee has determined that he needs specialized legal counsel with regard to issues related to the Nonprofit Legal Issues. The Law Firm and Mr. Clausen have the necessary expertise to assist the Trustee in navigating and understanding the legal issues related to, among other things, restricted funds and endowed funds that are the property of a tax-exempt organization like the Debtor.

5. The Trustee is seeking to employ the Law Firm as special counsel under 11 U.S.C. § 327(e), which authorizes a trustee to employ, for a specified special purpose, an attorney that has represented the debtor if it is in the best interest of the estate and if the attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed.

6. Because of the Law Firm's prior relationship with the Debtor, Adler & Colvin is a creditor of the Debtor's estate. According to the Debtor's Schedules F, the Law Firm has a pre-petition unsecured claim in the amount of $4,709. The Trustee believes that the existence of the Law Firm's claim does not demonstrate any interest adverse to the estate with respect to the matters in which the Trustee proposes to retain the Law Firm.

7. Matthew A. Clausen generally charges an hourly rate for charitable organizations of $770. His colleague, Jinna Kwak, charges an hourly rate for charitable organizations of $640.

8. Based on the Declaration of Matthew A. Clausen, the Trustee is informed and believes that Mr. Clausen has read the Court's Guidelines on Compensation and Expense

Reimbursement of Trustees and Professionals and will comply with the Guidelines. The Law Firm will not charge for word processing or incoming telecopy costs. The Law Firm will charge no more than $0.20 per page for photocopying and will not assess a mark-up on out-of-pocket costs in this case. Any electronic research will be charged at cost, as will other online research services, including PACER. The Law Firm's discounted rates are no less favorable than rates charged for non-court appointed services.

9. Attached to this Application is a copy of the proposed order authorizing the employment of Adler & Colvin as special counsel to the Trustee in this case.

WHEREFORE, the Trustee requests entry of an order authorizing him to employ Adler & Colvin as special counsel for the purpose of advising and addressing legal matters arising from and related to Nonprofit Legal Issues on behalf of the bankruptcy estate.

DATED: May _____, 2023

Paul J. Mansdorf
Digitally signed by Paul J. Mansdorf
Date: 2023.05.04 09:21:34 -07'00'

PAUL MANSDORF,
Chapter 7 Trustee

DATED: May 4, 2023        RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for PAUL MANSDORF,
Trustee in Bankruptcy

Gregg S. Kleiner (SBN 141311)
Charles P. Maher (SBN 124748)
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Tel. 415-672-5991
gkleiner@rinconlawllp.com
cmaher@rinconlawllp.com

Counsel for
PAUL MANSDORF,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

THE SAN FRANCISCO ART INSTITUTE,
   a California nonprofit
   public benefit corporation,

                Debtor.

Case No. 23-30250 HLB
Chapter 7
Hon. Hannah L. Blumenstiel

**ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL
(Adler & Colvin)**

      Based on the *Ex Parte* Application for Order Authorizing Employment of Special Counsel (Adler & Colvin) and the Declaration of Matthew A. Clausen, filed May _____, 2023 as Dockets _____ and _____ by Paul Mansdorf, Chapter 7 Trustee ("Application"), and it appearing from those documents that the Adler & Colvin is qualified to act as special counsel for the Trustee, that employment of special counsel is in the best interest of the estate, that Adler & Colvin represents no interest adverse to the estate,

      IT IS HEREBY ORDERED THAT:

      1.      The Trustee's Application is approved.

      2.      The Trustee is authorized under 11 U.S.C. § 327(e), to employ the Adler & Colvin as his special counsel to assist in matters arising from and related to non-profit issues, including, but without limitation to the Debtor's rights and interests in donated funds, restricted fund and endowment matters for a tax-exempt organization, and related non-profit legal matters, with such employment effective as of May 3, 2023.

1

3. Any compensation to be paid to Adler & Colvin is subject to Bankruptcy Court approval on application to the Court on notice to creditors, the United States Trustee, and other interested parties.

**END OF ORDER**