Gregg S. Kleiner, State Bar No. 141311
Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
E-mail: gkleiner@rinconlawllp.com
cmaher@rinconlawllp.com

Counsel for PAUL MANSDORF,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE SAN FRANCISCO ART INSTITUTE,<br>   a California nonprofit<br>   public benefit corporation,<br><br>             Debtor. | Case No. 23-30250 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>**REPORT ON STATUS<br>OF BORROWING MOTION**<br><br>Date:     August 17, 2023<br>Time:    10:00 a.m.<br>Place:   AT&T Connect Teleconference or<br>            Zoom Video Conference |

       Paul Mansdorf, the Chapter 7 Trustee ("Trustee") of the estate of The San Francisco Art Institute, a California nonprofit public benefit corporation ("Debtor"), files this report on the status of investigation of certain funds held in the name of the Debtor.

       On August 9, 2023, the Trustee received surprising and very good news regarding recovery of an unencumbered asset. The Debtor disclosed in its Schedule B Employee Retention Credits ("ERCs") in the approximate amount of $496,000. These expected ERCs were based on amended payroll tax refunds which the Trustee believed were filed by the Debtor in December 2022. The Trustee has been attempting to collect these refunds for months.

       After unsuccessful attempts, the Trustee's accountants finally reached an Internal Revenue Service representative on August 9, 2023, and learned that the previous day, August 8, 2023, the

Internal Revenue Service had issued and mailed two checks totaling approximately $523,000. The Trustee is informed and believes that the checks were mailed to him on August 8, 2023. These funds are not encumbered and will be available for use in covering the expenses the Trustee must pay to preserve the estate. The Trustee is amending his motion to request final approval for the borrowing the Court authorized on an interim basis through August 31, 2023.

With the ERC money, the Trustee will not need to pursue the motion for additional borrowings, at least at the present time.

Most of the report that follows was written before receipt of the news about issuance of the ERC refunds. It is still relevant in some respects insofar as it shows the work the Trustee and his counsel did to address questions that remained after the June 15, 2023, hearing. Based on what the Trustee found, he believes that the motion under Section 364 was justified and was the best solution to a very difficult financial problem.

On June 15, 2023, the Court held a hearing on the motion for authority under 11 U.S.C. § 364 to borrow money from the SFAI Endowment Fund to finance ongoing and critical expenses of the estate, and in particular for preservation of assets for the benefit of creditors. The California Attorney General opposed the Trustee's motion. The Attorney General acknowledged that the funds the Trustee intended to borrow were property of the estate under 11 U.S.C. § 541(a) but were not available even for borrowing due to donor restrictions. Based on information available to the Trustee at the time, the Trustee contended that the funds were available for preservation of assets because according to documentation provided by Burr Pilger & Mayer, the Debtor's former accounting firm, funds in the SFAI Endowment Fund could be used at the discretion of the Debtor's Board of Directors. The Trustee proposed to borrow funds for necessary expenses and then replenish the SFAI Endowment Fund when assets were sold.

The Court authorized interim use of the funds in the SFAI Endowment Fund through August 31, 2023, and set a continued hearing for August 17, 2023. The Court asked for a budget. Attached as Exhibit A to the Declaration of Paul Mansdorf is the proposed budget.

The Trustee continued to investigate the funds and restrictions on them, particularly with respect to the SFAI Endowment Fund, which the fund the Trustee requested authority to borrow

from. Attached to the Declaration of Charles P. Maher as Exhibit A is a spreadsheet showing two categories of funds maintained by the Debtor. The first comprises the SFAI Endowment Fund and the Buck Foundation Fund; the second category comprises a number of funds with specific donor restrictions. The Trustee did not intend at this time to borrow money from either the Buck Foundation Fund in the first category of funds or from any of the second category of funds. The Court has authorized the Trustee to return to the Bernard Osher Foundation a large component from the second category.

The Trustee has attempted to locate definitive information about restrictions on the money in the SFAI Endowment Fund. As explained in the Declarations of Charles P. Maher and Gregg S. Kleiner, the Trustee's counsel reviewed a large amount of records maintained by the Debtor relating to gifts, endowments, and donations. In addition to the review of records, counsel corresponded by e-mail with Mark Kushner, the Debtor's former Chief Operating Officer, Amory Sharpe, the Debtor's "part-time Vice President for Advancement," and Daniel Figueredo of Burr, Pilger & Mayer, the Debtor's pre-petition accountants, on the topic of use of funds in the SFAI Endowment. Copies of e-mail exchanges are attached to the Declaration of Mr. Kleiner.

Mr. Kleiner and Mr. Maher visited the Debtor's premises at 800 Chestnut Street in San Francisco, and reviewed paper documents concerning gifts, donations, and endowments in the Debtor's administrative offices. Mr. Kleiner had previously visited the premises to review records and had reviewed the box of records that the Trustee had retrieved and delivered to him.

Counsel found a number of documents from the past that indicate that the SFAI Endowment Fund was viewed historically as containing unrestricted money. For example, attached as Exhibit B to the Maher Declaration is a copy of a letter dated June 22, 1978, from the Director of Administration that attaches a "descriptive listing of the institute's three principal endowment funds." On page 6 of Exhibit B, at the bottom of the page, is a reference to the SFAI Endowment Fund. Its purpose was described as "general unrestricted purposes," its investment instructions by donor are described as "none," and special conditions are described as "none."

Counsel found a multi-page spreadsheet from May 2011 that constituted a description of the funds held by The San Francisco Art Institute at the time. The first page of the document is attached

as Exhibit C to the Maher Declaration. The SFAI Endowment Fund is the second item on that page. The fund is described as unrestricted.

The Attorney General has contended that all of the funds are restricted and are not available either for direct use or for borrowing. Although the Trustee was optimistic that some resolution with the Attorney General could be reached, recent communications have made clear that a consensual resolution would not be possible. Until the good news about the ERC refunds was received, the Trustee anticipated that the Attorney General would appear at the hearing and oppose the Trustee's motion. The anticipated imminent receipt of the ERC funds make it possible at this time for the Trustee to limit his request for authority to the period between the petition date and August 31, 2023. The Trustee is not waiving any right to seek relief (declaratory or otherwise) relating to the character and availability of the funds under applicable law at a later date if he concludes that it is in the best interest of the estate to do so.

Issuance of the ERC refund checks is a welcome and well-timed surprise that will make borrowing after August 31, 2023, unnecessary, provided that the checks are received before August 31, 2023. The Trustee is amending his motion to request a final order authorizing the borrowing through August 31, 2023, but not after that date (absent a need based on non-receipt of the ERC checks by that date).

DATED: August 10, 2023      RINCON LAW LLP

By: /s/Charles P. Maher
    CHARLES P. MAHER
    Counsel for PAUL MANSDORF,
    Trustee in Bankruptcy