Gregg S. Kleiner, State Bar No. 141311
Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-6385
Facsimile No.: 415-680-1712
E-mail:  gkleiner@rinconlawllp.com
         cmaher@rinconlawllp.com

Counsel for PAUL MANSDORF,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE SAN FRANCISCO ART INSTITUTE,<br>   a California nonprofit<br>   public benefit corporation,<br><br>              Debtor. | Case No. 23-30250 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>**DECLARATION OF RICHARD PIEROTTI IN SUPPORT OF OBJECTION TO CLAIM 40 (FMC Pier 2 Sublessor, LLC)**<br><br>[No Hearing Requested] |

I, Richard Pierotti, declare as follows:

1.  My firm, Kokjer, Pierotti, Maiocco & Duck LLP was employed in the above captioned Chapter 7 case as the accountant for Paul Mansdorf, Trustee, by order of the Court dated May 2, 2023. I am a Certified Public Accountant, Certified Insolvency and Restructuring Advisor and have my Certification in Financial Forensics. Except as otherwise stated, the following facts are within my personal knowledge, and if called upon to testify, I could and would testify to the facts set forth herein.

2.  I have reviewed Claim 40 filed by FMC Pier 2 Sublessor, LLC ("**FMC**") filed as a secured claim in the amount of $3,064,029.95 ("**Claim**"). I have also reviewed (i) the debtor's pre-petition lease with FMC ("**Lease**") for Pier 2, Fort Mason Center, 2 Marina Boulevard, San Francisco, California, and (ii) the Amended and Restated Unsecured Recourse Promissory Note

1

dated October 28, 2020, by which FMC owes the estate $11,932,478.36 in original principal amount ("**FMC Recourse Note**").

3. Based on my review of the debtor's sworn schedule B and the Claim, I am informed and believe and on that basis state that as of the April 19, 2023 petition date, FMC owed the Debtor approximately $11,389,310 under the FMC Recourse Note.

4. According to paragraph 2 of Claim, the lease was terminated by FMC on December 30, 2022 (the "**Lease Termination Date**").

5. Based on my review of the Lease including Exhibit C to the Lease, and FMC's calculations in the Claim, I have calculated the pre-Lease Termination Date damages that FMC is entitled to collect as $569,578.10. My calculations of this component of the Claim are reflected in **Exhibit A** to this declaration. This calculation is comprised of the following components: unpaid rent owed by the debtor to FMC for the months of November and December 2022, additional rent that is due under the Lease for calendar year 2022, and interest, utilities and late fees for the months of November and December 2022.

6. I have also reviewed the calculations in the Claim concerning the damages FMC is seeking as rent reserve and which damages are capped pursuant to Bankruptcy Code § 502(b)(6). I am familiar with the methods to calculate rent reserve under Bankruptcy Code § 502(b)(6), and that case law in the Northern District of California provides that the calculation of the capped portion of the claim commences on the surrender termination date, not on the petition date. I am very familiar with the Bankruptcy Court decision in *In re Connectix Corporation*, 372 B.R. 488 (Bankr.N.D.Cal. 2007), as I was the accountant for the trustee in that case, Carol Wu.

7. Based on the analysis in the *Connectix* bankruptcy case with regard to the calculation of a capped landlord's claim in a bankruptcy case, and the decisions in *In re McSheridan*[1] and *In re Iron-Oak Supply Corporation*[2], I have calculated the rent reserve due and owing under the Lease to be $1,628,265.96 as of the Lease Termination Date, before reduction for setoffs. I base my analysis

---

[1] *In re McSheridan*, 184 B.R. 91, 99-100 (B.A.P. 9th Cir. 1995)
[2] *In re Iron-Oak Supply Corporation*, 169 B.R. 414, 419 (Bankr.E.D.Cal. 1994)

on the information provided in the Claim and the Lease. My analysis is set forth in **Exhibit B** to this declaration.

8. I based my capped claim analysis (the allowed claim amount after the Lease Termination Date) by taking 15% of the remaining term of the Lease. The remaining term of the Lease, as of the Lease Termination Date, was 11 years and one day, which is equal to 132 months and one day. Fifteen percent of 132 months equals 19.8 months, or 19 months and 24 days. August 23, 2024 is 19.8 months after the Lease Termination Date. Applying the components of the rent reserved under the lease from Exhibit 2 of the Claim and calculating the Section 502(b)(6) capped claim as a function of time, the total capped portion of the Claim equals $1,628,265.96. The components (and for 2024, the fraction of the component used to calculate the rent reserved portion of the claim) are from Exhibit 2 of the FMC Claim: (A) base rent; and (B) "December Additional Base Rent."

9. As set forth in **Exhibit A**, I calculate FMC's pre-Termination Date damages to total $569,578.10. When that sum is added to the rent reserved component of the Claim – $1,628,265.96 (rent reserved that is calculated in **Exhibit B** of this declaration), FMC's total capped claim for the Lease as allowed claim under Section 502(b)(6) is $2,197,844.06.

10. From this sum, I have deducted from the capped portion of the Claim ($1,628,265.96): (i) FMC's January 5, 2023 set-off (after the Lease Termination Date) of $387,500 that arose for calendar year 2022 (as reflected in the Claim Addendum at ¶ 6 and Exhibit 1 to the Claim); and (ii) FMC's March 22, 2024 set-off of $387,500 that arose for calendar year 2023.

11. As reflected in **Exhibit C**, after applying FMC's two post Lease Termination Date set-offs ($387,500 each) against the FMC Recourse Note for rents due in 2022 and 2023, I calculate the current balance owing on the FMC claim against the estate is now $1,422,844.06. As reflected in **Exhibit C,** after set-offs are made against the FMC Recourse Note due through January 1, 2027, the Claim will be paid in full from setoffs with a partial set-off for 2026 in the amount of $482,344.06.

Except for statements made upon information and belief in this declaration, I declare under penalty of perjury under the laws of the United States of America that all other statements are true and correct. Executed this 3rd day of December 2024 at San Francisco, California.

_____
RICHARD PIEROTTI

**Exhibit A**
**Pre-Termination Claim**
**[FMC's Damages for Unpaid Rent and Related Damages Prior to the Lease Termination Date]**

| Rent Period | (1) Amounts Due at Lease Termination Notice on 12/22/2022 | (2) 4% Late Charge Penalty | (3) 10% Annual Interest Due From 11th Day of Month Amount Due Through 12/30/22. | (4) Amount Due as of 12/30/22 - Lease Termination Date |
|---|---:|---:|---:|---:|
| November 2022 Base Rent | 47,250.00 | 1,890.00 | 634.82 | 49,774.82 |
| November 2022 Expenses (electric through September) | 24,708.71 | 988.35 | 331.71 | 26,028.77 |
| December 2022 Base Rent-($47,250 x 30/31 days) | 45,725.81 | 1,829.03 | 238.02 | 47,792.86 |
| December 2022 Expenses (electric through October) | 21,967.72 | 878.71 | 114.35 | 22,960.78 |
| Expenses for electric for Nov and Dec ($28,632.68 divided by 3 x 2) | 19,088.45 | | 760.92 | 19,849.37 |
| Utility Credit - see note 5 from FMC claim | -6,945.50 | | | -6,945.50 |
| Additional 2022 Rent from Exhibit C to Lease | 410,117.00 | | | 410,117.00 |
| **Pre-Petition Rental Arrears** | 561,912.19 | 5,586.09 | 2,079.82 | **569,578.10** |

**Notes:**
(1) Amounts due per lease termination notice
(2) 4% late charge per Section 9 of the Sublease
(3) 10% annual interest calculated as amount in column D X 10% per year divided by 365 days times # of days from 11th of month amount due. Security deposit only calculated through lease termination date of 12/22/22 instead of 1/5/23 Interest not calculated on penalty amount.
(4) Sum of 3 previous columns
(5) Expense credit for utilities.

**Exhibit B**
**Rent Reserved 502(b)(6)**
# PART 3 FUTURE RENT CALCULATION

|  | Base Rent |
|---|---:|
| 31-Dec-22 | 1,524.19 |
|  |  |
| Jan-23 | 48,667.50 |
| Feb-23 | 48,667.50 |
| Mar-23 | 48,667.50 |
| Apr-23 | 48,667.50 |
| May-23 | 48,667.50 |
| Jun-23 | 48,667.50 |
| Jul-23 | 48,667.50 |
| Aug-23 | 48,667.50 |
| Sep-23 | 48,667.50 |
| Oct-23 | 48,667.50 |
| Nov-23 | 48,667.50 |
| Dec-23 | 48,667.50 |
| Dec-23 Additional Rent | 393,167.00 |
| 2023 subtotal | 977,177.00 |
|  |  |
| Jan-24 | 50,085.00 |
| Feb-24 | 50,085.00 |
| Mar-24 | 50,085.00 |
| Apr-24 | 50,085.00 |
| May-24 | 50,085.00 |
| Jun-24 | 50,085.00 |
| 24-Jul | 50,085.00 |
| Aug-24 = 23 days | 37,159.84 |
| Extra base rent | 387,754.84 |
| 7 months 23 days of Add'l Rent | 261,809.93 |
| 2024 subtotal | 649,564.77 |
|  |  |
| Total Reserved Rent | 1,628,265.96 |

Termination costs Ex. 3 = 19.8 Months

**Exhibit C**
**Total Claim With Setoffs**

| | Section 502(b)(6) Damages | Section 502(b)(6) Damages After FMC Note Reduction/Setoff | Claim Amount After FMC Claim Balance After Applying Annual Note Setoffs Offsets | Payments to Trustee From FMC under Note |
|---|---|---|---|---|
| Pre-Termination Damages | 569,578.10 | 569,578.10 | | |
| Capped Claim (reserved rent) | 1,628,265.96 | 1,628,265.96 | | |
| Total Claim | 2,197,844.06 | 2,197,844.06 | | |
| Year | | | | |
| Note payment applications- | | | | |
| 2022 | | (387,500.00) | 1,810,344.06 | Setoff 1/5/23* |
| 2023 | | (387,500.00) | 1,422,844.06 | Setoff 3/5/24** |
| 2024 | | (387,500.00) | 1,035,344.06 | To be setoff 1/1/25 |
| 2025 | | (553,000.00) | 482,344.06 | To be setoff 1/1/26 |
| 2026 | | (482,344.06) | 0.00 | To be setoff 1/1/27 |

\* FMC Claim para 6.
\*\* Dockets 174 & 175