UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE SAN FRANCISCO ART INSTITUTE,<br>    a California nonprofit<br>    public benefit corporation,<br><br>                    Debtor. | Case No. 23-30250 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON TRUSTEE'S MOTION FOR AUTHORITY TO SELL ESTATE'S RIGHT, TITLE AND INTEREST IN AND TO A PROMISSORY NOTE**<br><br>[No Hearing Required Unless Requested] |

**TO THE DEBTOR, CREDITORS ON THE LIMITED-SERVICE LIST, THE UNITED STATES TRUSTEE, THE OFFICE OF THE CALIFORNIA STATE ATTORNEY GENERAL, AND OTHER PARTIES-IN-INTEREST:**

        **PLEASE TAKE NOTICE** that Paul Mansdorf, the duly appointed and acting Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of The San Francisco Art Institute, a California nonprofit public benefit corporation ("**Debtor**") has entered into a "Purchase and Sale Agreement – Fort Mason Center Promissory Note" ("**Agreement**")[1] with Fort Mason Center, a California non-profit public benefit corporation ("**FMC**" or "**Buyer**"). The Agreement concerns the estate's sale of its right, title and interest in and to a promissory note dated March 5, 2025 in the original principal amount of $7 million ("**Amended FMC Note**"); by which the Buyer has agreed to pay to the Trustee the sum of $780,000, in exchange for the Amended FMC Note. A copy of the Amended FMC Note is attached to the Agreement. The sale of the Amended FMC Note to the Buyer is subject to higher and better offer, as set forth below.

**BACKGROUND**

        In June 2016, the Debtor entered into a long-term sublease (the "**Sublease**") with FMC Pier 2 Sublessor, LLC ("**FMCP2**") for real property commonly referred to as Pier 2, Fort Mason Center, 2 Marina Boulevard, San Francisco, California ("**Premises**"). The Trustee understands that the holder of the master lease for the Premises is the Buyer.

        The Sublease required substantial tenant improvements that FMC was not in a position to advance but was willing to reimburse the Debtor over time if the Debtor paid for the improvements upfront. To pay for the improvements, FMC entered into a promissory note in favor of the Debtor dated June 6, 2016 (the "**Original Note**"). The Original Note was amended and restated pursuant to that certain Amended and Restated Unsecured Recourse Promissory Note dated October 30, 2020 in the face amount of $11,932,478.36 (the "**FMC Recourse Note**"). The Trustee is in possession of the original (signed) FMC Recourse Note. The FMC Recourse Note includes a payment schedule, pursuant to which FMC was to make specified annual debt service payments to the Debtor, subject to FMC's right to set off amounts owed by Debtor under the Sublease against the debt service payments owed by FMC.

---

[1] The summary of the Agreement set forth in this Notice is for informational purposes only and in all circumstances the provisions of the Agreement shall control. A true and correct copy of the Agreement is attached as Exhibit 1 to the Declaration of Paul Mansdorf in Support of Motion for Authority to Sell Estate's Right, Title and Interest in and to a Promissory Note ("**Mansdorf Declaration**"). A copy of the Agreement can be obtained from the Bankruptcy Court or from aworthing@rinconlawllp.com.

1

FMCP2 filed claim number 40 in the Debtor's bankruptcy case in the liquidated amount of $3,064,029.95 ("**Claim**") based on Debtor's obligations under the Sublease. Among other things, the Claim asserted that it is secured by the FMC Recourse Note, based on the setoff rights described in the prior paragraph. The liquidated amount of the Claim did not include interest, at 10% per annum, and over $100,000 in attorney's fees and costs that FMCP2 asserts it was owed.

On April 2, 2025, the Bankruptcy Court entered its order approving a settlement between the Trustee and the estate on the one hand and FMCP2 and FMC on the other. The settlement resulted in the complete satisfaction of the Claim in full through FMC's accelerated setoffs against annual payments called for under the FMC Recourse Note, and FMC entering into a new unsecured recourse unsecured promissory note, the Amended FMC Note, in the principal amount of Seven Million Dollars ($7,000,000). The Trustee is in possession of the original (signed) Amended FMC Note.

The Amended FMC Note provides, in part, that: (a) the first payment will be due on December 31, 2030, in the amount of $110,315; and (b) annual payments of $553,000 shall be due and owing commencing December 31, 2031, until the Amended FMC Note is paid in full. The payments due under the Amended FMC Note are set forth in detail in the Amortization Table attached as Schedule 1 to the Amended FMC Note, which Amortization Table governs the timing and amount of the payments.

## AGREEMENT

Prior to entering into the Agreement, the Trustee solicited offers to purchase the Amended FMC Note from multiple parties. The Trustee received three offers. The offer from the Buyer was, in the Trustee's opinion, the highest and best offer. Under the provisions of the Agreement, subject to higher and better offer, notice to creditors, and Bankruptcy Court approval, the Trustee has agreed to sell to the Buyer the estate's right, title and interest in and to the Amended FMC Note for $780,000 in cash. Following the Bankruptcy Court's approval of the sale of the Amended FMC Note, the Trustee's sole deliverable to the Buyer (or any overbidder) is the original (signed) Amended FMC Note.

The Agreement provides, among other things that: (i) Buyer acknowledges and agrees that the sale of the Amended FMC Note is made without any warranty or representation of any kind by the Trustee or the estate, either express or implied, with respect to any aspect, portion or component of the Amended FMC Note; (ii) Buyer agrees and acknowledges that it has made and completed its evaluation, inquiries, and investigations concerning its purchase which Buyer deemed necessary to satisfy itself as to all aspects of Amended FMC Note; (iii) Buyer further agrees and acknowledges that, in purchasing the Amended FMC Note, Buyer has relied entirely on its own investigation, examination and inspection of the Amended FMC Note and not upon any representation or warranty of the Trustee, the estate, or any agent or representative of the Trustee; and (iv) Buyer agrees that, in consummating the purchase of the Amended FMC Note pursuant to the Agreement, Buyer shall acquire the Amended FMC Note in its "as is, where is" and with all faults condition, solely in reliance on Buyer's own investigation, examination, inspection, analysis and evaluation of the Amended FMC Note.

The Trustee seeks authorization to include a provision in the order authorizing the Trustee to enter into the Agreement and provide that it is effective upon entry, and the stay imposed by Rule 62(a) of FRCP and/or Bankruptcy Rule 6004(h) shall not apply.

## SALE SUBJECT TO OVERBID

The sale of the Amended FMC Note is subject to overbid. The deadline to submit and overbid is May 19, 2025, 5:00 pm PDT ("**Bid Deadline**"). In the event that there is an overbid for the Amended FMC Note, the overbid auction will take place telephonically within five (5) business days after the Bid Deadline.

The following terms shall apply to all parties seeking to make an overbid for the Amended FMC Note in order for its bid to be deemed a "**Qualified Bid**."

1.  On or before the Bid Deadline -May 19, 2025, 5:00 pm PDT bidders must:

    (i)     provide evidence (e.g., current financial institution statements) to the Trustee at paul@mansdorftrustee.com (with a copy to Trustee's counsel – gkleiner@rinconlawllp.com and cmaher@rinconlawllp.com), that they can close and pay the purchase price in cash;

    (ii)    deliver to the Trustee, a $100,000 good faith deposit *by wire transfer*;[2]

    (iii)   agree to be bound by all of the terms of the Agreement (except the amount of the purchase price, which amount will be the amount of a party's highest offer);

    (iv)    agree that their bids may not contain any contingencies, whatsoever, including, but not limited to, any loan contingencies and inspection contingencies; and

    (v)     submit an opening bid in the minimum amount of $830,000.

2.  If there are one or more Qualified Bids for the Amended FMC Note:

    (i)     the Trustee will conduct a telephonic auction within five (5) business days after the Bid Deadline among the Buyer and Qualified Bidder(s). All qualified overbidders, the Buyer, and their respective agents will be provided a telephone dial-in number in advance of the telephonic auction;

    (ii)    the minimum bids over $830,000 will be in an amount set at the Trustee's reasonable discretion, but not less than $5,000.00; and

    (iii)   the successful bidder for the Amended FMC Note must tender the entire purchase price to the Trustee, less a credit for any deposit held by the Trustee, not later than ten (10) days after the Approval Order is entered. ***If the purchaser of the Amended FMC Note, including FMC, fails to timely deliver the entire purchaser price for the Amended FMC Note, it will forfeit its deposit to the Trustee for all purposes.*** In the event of such a default, the Trustee will, without further order of the Court, be free to sell the FMC Note to another party at the back-up bidder's last highest offer.

3.  Prior to the start of the auction the Trustee will (i) identify any party or parties that have made a Qualified Bid for the Amended FMC Note and (ii) announce the auction rules, and may amend, modify or alter any bid procedure, rule or provision as the Trustee deems necessary, just or appropriate. The Trustee reserves the right, in his sole and absolute discretion, to refuse bids that do not, in his sole opinion, conform with the terms of the sale, to modify the terms and conditions of the sale or auction, to continue the sale from time to time. Only Qualified Bid participants may attend the overbid auction. All disputes with regard to the sale or auction will be resolved by the U.S. Bankruptcy Court. At the conclusion of the auction, the Trustee, in his sole discretion, will determine the highest and best bid and make a recommendation to the Bankruptcy Court to approve the sale of the Amended FMC Note.

---

[2] Parties interested in submitting an overbid must contact the undersigned - gkleiner@rinconlawllp.com or Alissa Worthing – aworthing@rinconlawllp.com for wire instructions.

3

Legal authority for the sale is set forth in the Trustee's motion that is on file with the Bankruptcy Court and available from counsel for the Trustee on request of creditors who do not have PACER access. This Notice is provided under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 9014-1(c).

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to proposed sale or any request for hearing thereon. **Objections should be filed with the Clerk of the Court, United States Bankruptcy Court, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, CA 94102.**

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE NOTICE THAT**, unless ordered otherwise, Judge Blumenstiel will conduct all non-evidentiary hearings by video via Zoom. Litigants and interested parties should consult Judge Blumenstiel's posted calendar at the following link to determine whether a particular calendar will be conducted by video or by telephone: https://www.canb.uscourts.gov/judge/blumenstiel/calendar

The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video hearing. If you have questions about how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

DATED:   May 5, 2025                    RINCON LAW LLP


By:   */s/Gregg S. Kleiner*
_____
        GREGG S. KLEINER
        Counsel for Paul Mansdorf, Chapter 7 Trustee

Gregg S. Kleiner, State Bar No. 141311
Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.:  415-840-6385 / Facsimile No.:   415-680-1712
E-mail:        gkleiner@rinconlawllp.com
               cmaher@rinconlawllp.com